76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dorothy D. POSEY, Plaintiff-Appellant,
v.
PRESBYTERIAN HOSPITAL, Defendant-Appellee.
 No. 95-2058.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Dorothy Posey appeals the district court's order granting summary judgment to defendant Presbyterian Hospital on her discrimination claim brought under 42 U.S.C.1981.[2] We have jurisdiction under 28 U.S.C. 1291 and we reverse.
 
 
 3
 Plaintiff, an African-American woman, was employed by defendant from 1963 until her resignation in December 1990. Her last position with defendant was as Nurse Educator, a level 18 position within defendant's management structure. In October 1990, plaintiff applied for the position of Director of Nursing Support Services, a level 20 position. She did not receive the promotion, which was filled by a white woman.
 
 
 4
 Plaintiff filed a discrimination claim against defendant in December 1991, alleging it had failed to promote her on the basis of her race. Defendant moved for summary judgment. As relevant to this appeal, defendant argued that plaintiff's 1981 claim for failure to promote was not actionable under the law as in effect prior to enactment of the Civil Rights Act of 1991 (the 1991 Act) because the nature of the promotion plaintiff sought did not involve a new and distinct contractual relation with defendant.
 
 
 5
 Plaintiff did not dispute that the allegations of discrimination took place prior to enactment of the 1991 Act, which expanded the scope of actionable claims. However, she argued her failure-to-promote claim was actionable under interpretations of 1981 in effect prior to the 1991 Act because the promotion she sought had represented an opportunity to enter into a new contractual relationship with the defendant.
 
 
 6
 The district court initially took the motion under advisement, pending resolution by the Supreme Court whether the 1991 Act applied retroactively. The Supreme Court ultimately ruled that the 1991 Act amendments did not apply retroactively. See Rivers v. Roadway Express, Inc., 114 S.Ct. 1510, 1514-20 (1994) and its companion case, Landgraf v. USI Film Prods., 114 S.Ct. 1483, 1508 (1994). Based upon these decisions, the district court ruled that plaintiff's 1981 failure-to-promote claim was not actionable and granted defendant's motion for summary judgment.
 
 
 7
 Plaintiff contends that the district court erred in granting summary judgment solely on the basis that her 1981 claim arose prior to the effective date of the 1991 Act because her claim was not based on the 1991 Act, but on the law prior to its enactment. We agree.
 
 
 8
 At the time of the alleged acts of discrimination, Patterson v. McLean Credit Union, 491 U.S. 164 (1989) interpreted 1981 as prohibiting discrimination "only in the making and enforcement of contracts." Id. at 176. The 1991 Act rejected Patterson 's narrow interpretation, and expanded the scope of actionable claims under 1981. However, "Patterson provides the authoritative interpretation of the phrase 'make and enforce contracts' in the Civil Rights Act of 1866 before the 1991 amendment went into effect on November 21, 1991." Rivers, 114 S.Ct. at 1519.
 
 
 9
 "Patterson recognized that a failure-to-promote claim might be cognizable under 1981." Hooks v. Diamond Crystal Specialty Foods, Inc., 997 F.2d 793, 801 (10th Cir.1993). The district court correctly concluded that the 1991 Act amendments do not apply retroactively, but that conclusion should not have ended its analysis. Because plaintiff did not argue her claim depended upon a retroactive application of the 1991 Act, the district court should have applied the law in effect prior to the 1991 Act to the facts presented to it in deciding plaintiff's 1981 claim.
 
 
 10
 Under Patterson,
 
 
 11
 the question whether a promotion claim is actionable under 1981 depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer.... Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under 1981.
 
 
 12
 491 U.S. at 185. This circuit has recognized that there is no bright-line test to determine whether a new and distinct contractual relationship exists, but that the inquiry should focus on "whether there exists a meaningful, qualitative change in the contractual relationship." Hooks, 997 F.2d at 801-02 (citing Butts v. City of New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1412 (2d Cir.1993) and Sitgraves v. Allied-Signal, Inc., 953 F.2d 570, 573 (9th Cir.1992)). "[T]he inquiry should not be confined to titles but should examine actual changes in responsibility and status." Id. at 802. Relevant factors can include, "the addition of supervisory duties; a change in the manner in which the contractual relationship can be terminated; [or] a change in the method of compensation...." Sitgraves, 953 F.2d at 573.
 
 
 13
 Under Fed.R.Civ.P. 56(c), summary judgment is only appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Here, the district court did not evaluate the facts in order to make a determination whether the promotion plaintiff sought involved a new and distinct contractual relationship. Because the district court did not consider the facts under the applicable law, summary judgment was inappropriate. We express no views on the substantive merits of plaintiff's 1981 claim; we merely reverse the summary judgment entered by the district court on that claim and remand the case for the district court's consideration of the facts under Patterson and Hooks.[3]
 
 
 14
 Accordingly, the judgment of the United States District Court for the District of New Mexico is REVERSED and the case is REMANDED for further proceedings in accordance with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Plaintiff does not appeal the district court's grant of summary judgment with respect to her constructive discharge or Title VII claims
 
 
 [3]
 Appellee's motion to strike portions of Appellant's Appendix and Brief is denied because the objectionable materials, whether or not properly before this court, were not considered in reaching our decision