92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vincent Maxmilian YEE, Plaintiff-Appellant,
v.
HUGHES AIRCRAFT COMPANY, Larry Spicer, Terian Day, Gary
Osborn, Frank Taormina, Steve Dorfman, Sue
Hungate, Defendants-Appellees.
 No. 95-55204.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided July 22, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges and MERHIGE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Vincent Maximilian Yee appeals the district court's grant of summary judgment in favor of Hughes Aircraft Company, Larry Spicer, Terian Day, Gary Osborn, Frank Taormina, Steve Dorfman and Sue Hungate on Yee's action alleging that he was terminated from Hughes in violation of Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. We affirm.
 
 DISCUSSION
 A. Time-Barred Claims
 
 4
 The district court granted a partial summary judgment against Yee because it determined that claims based on his 1989 and 1990 performance evaluations and his denial of promotion in 1990 were time-barred. We agree.
 
 
 5
 A Title VII claim, which is first filed with a state agency, must be filed within 240 days from the date of the challenged action. EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 111, 108 S.Ct. 1666, 1669, 100 L.Ed.2d 96 (1988); Green v. Los Angeles County Superintendent of Schs., 883 F.2d 1472, 1474 (9th Cir.1989).
 
 
 6
 In August of 1992, Yee filed a complaint with the California state agency. Although Yee alleged that his promotion was not denied until March 1992, the district court correctly determined that Yee was told in May 1990 that he would not be given the promotion in question. Challenges to the 1989 and 1990 appraisals, which were made in March 1990 and March 1991 respectively, and to the denial of Yee's promotion and transfer were not filed within 240 days of their occurrence and are, therefore, time-barred. See 42 U.S.C. § 2000e-5(e)(1); Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1444 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 936, 130 L.Ed.2d 881 (1995); Commercial, 486 U.S. at 111, 108 S.Ct. at 1669; Green, 883 F.2d at 1474.
 
 
 7
 However, Yee now argues that acts occurring outside of the actionable time period can still be actionable if he can show that they are part of a "continuing violation" of Title VII rights. See Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990). That is true, but Yee failed to present that theory to the district court. Generally, we will not consider an issue raised for the first time on appeal. Woods v. Saturn Distrib. Corp., 78 F.3d 424, 430 (9th Cir.1996); Spurlock v. F.B.I., 69 F.3d 1010, 1017 (9th Cir.1995). Because the absence of a continuing violation assertion resulted in a record which was not properly developed in the district court on that point, we decline to consider the issue. See A-1 Ambulance Serv. v. County of Monterey, 83 F.3d 298, 304 (9th Cir.1996); Spurlock, 69 F.3d at 1017; see also Woods, 78 F.3d at 430.
 
 B. Lay Off Claims
 
 8
 Yee was one of over 800 employees laid off by Hughes in November 1992. He timely filed a claim with the EEOC in which he asserted race discrimination and retaliation. He asserts those claims now.
 
 1. Racial Discrimination
 
 9
 In a Title VII action, the plaintiff must first come forward with evidence of a prima facie case of discrimination, then the burden shifts to the defendant to come forward with evidence of a nondiscriminatory reason for the action, and finally the plaintiff has an opportunity to present evidence that the defendant's reasons were pretexts. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994) (evidence required to make out prima facie case is minimal). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Burdine, 450 U.S. at 253, 101 S.Ct. at 1093. Assuming that Yee established a prima facie case, Hughes spelled out a nondiscriminatory reason for the layoff--adverse economic conditions. Yee failed to present evidence to demonstrate pretext. Asians were not disproportionately affected by the layoffs (the percentage of Asian employees increased); nor did he present evidence to show that his layoff was racially motivated. Cf. Washington v. Garrett, 10 F.3d 1421, 1434 (9th Cir.1993). Hughes presented evidence that the layoffs were determined based on skills, performance and company needs. Yee failed to present evidence to demonstrate that race was a factor used in the layoff procedure.
 
 2. Retaliation
 
 10
 Yee also claims that he was retaliated against by Hughes for engaging in action protected by Title VII. "Under section 704(a) of Title VII ... it is unlawful to retaliate against an employee because she has taken action to enforce rights protected under Title VII." Miller v. Fairchild Indus., Inc., 797 F.2d 727, 730 (9th Cir.1986); see also Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 732, 130 L.Ed.2d 635 (1995); Johnston v. Horne, 875 F.2d 1415, 1421 (9th Cir.1989).
 
 
 11
 To the extent that Yee now claims that his discharge was retaliation for filing his prior Title VII court action, his claim must fail. The common thread which could connect his prior Title VII action and his court-ordered reinstatement with his current termination was severed when he failed to argue that there was a connection between that earlier action and the current layoff. We decline to mend the thread on appeal. See A-1 Ambulance, 83 F.3d at 304; Spurlock, 69 F.3d at 1017; see also Woods, 78 F.3d at 430. Hughes discharged Yee based on his poor performance appraisals. However, those appraisals have simply become historical facts which might be unfortunate but whose lingering effects do not make reliance upon them discriminatory. See United Air Lines v. Evans, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977).
 
 
 12
 To the extent that Yee now claims that his discharge was in retaliation for his EEOC complaint filed a few weeks earlier, his claim must again fail. A causal connection may be inferred from the proximity of protected action to a discharge. Miller, 797 F.2d at 731. However, Hughes rebutted any inference of discrimination by demonstrating that Yee was chosen as one of the employees to be laid off based on skill, performance and company needs. Because Yee failed to submit evidence to demonstrate that Hughes' reasons were pretextual, summary judgment was proper. See Id. at 731-32.
 
 C. Section 1981 Claim
 
 13
 Section 1981 protects the rights of all persons, regardless of race, "to make and enforce contracts." 42 U.S.C. § 1981. The prima facie case for a § 1981 claim is the same as that for a Title VII race discrimination claim. See Rodriguez v. General Motors Corp., 904 F.2d 531, 532 (9th Cir.1990). "As with Title VII disparate treatment actions, claims under section 1981 require proof of intentional discrimination." Miller, 797 F.2d at 733.
 
 
 14
 As we have already stated, Yee failed to submit evidence of racial discrimination. Thus, summary judgment on Yee's § 1981 claim was appropriate. Cf. Id.
 
 D. Covenant of Good Faith and Fair Dealing
 
 15
 Under California law, the standard elements of a cause of action for breach of contract are a contract, plaintiff's performance or excuse for nonperformance, a breach by the defendant and damage to the plaintiff resulting from defendant's breach. Regan Roofing Co. v. Superior Court, 24 Cal.App.4th 425, 434-35, 29 Cal.Rptr.2d 413, 418 (1994). "California law implies a covenant of good faith and fair dealing in every contract." Mundy v. Household Fin. Corp., 885 F.2d 542, 544 (9th Cir.1989) (citation omitted). "The implied covenant imposes certain obligations on contracting parties as a matter of law--specifically, that they will discharge their contractual obligations fairly and in good faith." Id. (citing Koehrer v. Superior Court, 181 Cal.App.3d 1155, 1169, 226 Cal.Rptr. 820, 828 (1986)).
 
 
 16
 For purposes of summary judgment, Hughes conceded that it needed good cause in order to terminate Yee. However, the record shows that Yee's evidence was insufficient to demonstrate that the dismissal action itself lacked good cause or that there was any actionable breach of the covenant of good faith and fair dealing relating to the employment contract.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3