**Eric KEIL, Plaintiff–Appellant,**

v.

**Michael CORONADO and Don Button, Defendants–Appellees.**

No. 01–17249.

D.C. No. CV–01–00067 EJG/PAN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Dec. 18, 2002.

---

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Eric Keil appeals dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his first amended complaint against Michael Coronado and Don Button, his supervisors in the Oroville office of the California Department of Parks and Recreation. While Keil's complaint is not a model of clarity, its gravamen is that Coronado and Button singled Keil out because he was an unmarried Caucasian male and retaliated against him for complaints he made, discriminated against him, and created a hostile work environment in violation of 42 U.S.C. §§ 1981, 1983, 1985 and 1986. We reverse.

 *Section 1981.* Whether Keil states a claim for purposes of Rule 12(b)(6) should not have been analyzed under the framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which sets forth an evidentiary standard relevant at the summary judgment stage. Rather, consistent with *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), and *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir.1997), at the pleading stage the inquiry is simply whether the facts pled show that the plaintiff is entitled to relief. Fed.R.Civ.P. 8(a)(2). As the district court applied *McDonnell Douglas,* we must reverse.

Coronado and Button argue that the complaint nevertheless fails to allege sufficient facts to show that they purposefully discriminated against Caucasians in general and Keil in particular, or that the employment actions upon which Keil relies are actionable. *See, e.g., Sitgraves v. Allied–Signal, Inc.,* 953 F.2d 570, 572 (9th Cir.1992); *Strother v. Southern Cal. Permanente Med. Group,* 79 F.3d 859, 876 (9th Cir.1996). We decline to consider these points, leaving them to the district court in the first instance. However, we note that "[i]n order to withstand a motion to dismiss for failure to state a claim, a § 1981 cause of action need only allege 'that plaintiff suffered discrimination ... on the basis of race.'" *Parks School of Bus., Inc. v. Symington,* 51 F.3d 1480, 1487 (quoting *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 625 (9th Cir.1988)).

 *Section 1983.* Keil's allegation of retaliation for filing a sexual harassment claim and an OSHA claim against Coronado and Button in violation of the First and Fourteenth Amendments likewise survives dismissal. To prevail on a § 1983 retaliation claim, a plaintiff must show that he suffered an adverse employment action, that his speech was constitutionally protected, and that his speech was a substantial motivating factor in the adverse employment action. *Huskey v. City of San Jose,* 204 F.3d 893, 899 (9th Cir.2000). It is not possible to say as a matter of law,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

based on Keil's pleadings alone, that complaints about safety and sexual harassment do not involve matters of public concern, or that denying Keil a promotion and causing Keil to lose his position in Oroville on account of those complaints cannot be adverse employment actions. Accordingly, we reverse the district court's dismissal of Keil's § 1983 claim.[1]

*Section 1985/1986.* Keil argues that the district court overlooked allegations of a conspiracy to discriminate against him because he was an unmarried Caucasian male who had made complaints against Coronado and Button. We agree that this allegation, interpreted in the light most favorable to Keil, may make out a claim of racial discrimination. To this extent, the complaint would not seek to extend § 1985(3) beyond race such that *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir.1985), is controlling. Thus, Keil's § 1985 claim, as well as his § 1986 claim that is derivative of § 1985, survives dismissal under Rule 12(b)(6). *See Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir.2002) (to state a claim for conspiracy under § 1985(3), "a plaintiff must show, *inter alia*, (1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action,' ... and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment.'" (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993) (citations omitted))).

REVERSED.

---

1. This moots Keil's contention that the court improperly dismissed this claim sua sponte without written findings, contrary to *Lee v.* *City of Los Angeles*, 250 F.3d 668, 683 n. 7 (9th Cir.2001).