**Ruby RUSSELL, Plaintiff–Appellant,**

v.

**CITY OF RENO, Steve Wright, Defendants–Appellees.**

**No. 06–17113.**

United States Court of Appeals, Ninth Circuit.

Argued July 18, 2008.

Submitted July 25, 2008.

Filed Aug. 20, 2008.

Terri Keyser–Cooper, Law Office of Terri Keyser–Cooper, Reno, NV, Diane K. Vaillancourt, Santa Cruz, CA, for Plaintiff–Appellant.

David R. Grundy, Alice Campos Mercado, Lemons, Grundy & Eisenberg A. Professional Corporation, Reno, NV, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, FARRIS, Circuit Judge, and PANNER,* District Judge.

## MEMORANDUM **

Ruby Russell, an African–American woman, alleges she suffered employment discrimination in violation of 42 U.S.C. § 1981 when she was passed over for promotion. Russell appeals from the district court's grant of summary judgment in favor of defendants City of Reno and Steve Wright.

Defendants concede that Russell established her prima facie case. Russell concedes that Defendants satisfied their burden to articulate legitimate, nondiscriminatory reasons. The issue on appeal is whether Russell created a genuine issue of fact that Defendants' proffered reasons are pretextual. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Forty-three Office Assistants worked for the City of Reno. Forty-two of those Office Assistants held Office Assistant 2 positions. Russell was the only African–American and the only person holding the lower Office Assistant 1 position. Additionally, through the time Russell applied for promotion, no African–American ever held an Office Assistant 2 position with the City of Reno. A jury could use this statistical evidence to infer pretext. *Diaz v. AT & T,* 752 F.2d 1356, 1363 (9th Cir.1985).

---

* The Honorable Owen M. Panner, United States District Judge, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The reasons Defendants initially gave for not promoting Russell are different from the reasons they have offered since this action was filed. A trier of fact could reasonably find these changed justifications to be a pretext for discrimination. *See Rodriguez v. General Motors Corp.*, 904 F.2d 531, 533 (9th Cir.1990).

Defendants initially told Russell that she was denied the promotion because she lacked enthusiasm. While subjective employment criteria are not illegal per se, they are particularly susceptible to discriminatory abuse and should be closely scrutinized. *Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1481 (9th Cir.1987).

Russell contends that objectively less qualified candidates were promoted, an alleged fact from which the jury could find discrimination. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1492 (9th Cir.1995). Russell's resume is sufficient, relative to the other candidates' resumes, to create a question of fact as to whether Russell was objectively more qualified.

Finally, the credence of one of Defendants' reasons, that Russell had a bad attitude, is disputed. A jury could find that this reason is false and infer that it was pretext. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Viewed in the light most favorable to Russell, we conclude the evidence is sufficient to preclude granting summary judgment.

Defendants contend that Russell did not adequately raise some of her arguments to the trial court. Although there is no bright-line rule to determine whether an argument has been properly raised, a workable standard is that the argument must be raised sufficiently for the trial court to rule on it. *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir.1989). The record indicates that Russell sufficiently presented these arguments.

Therefore, we REVERSE the grant of summary judgment in favor of Defendants and REMAND to the district court for further proceedings.