**Rosario SCHULER, Plaintiff-Appellant,**

v.

**CHRONICLE BROADCASTING COMPANY, INC., dba KRON–TV and International Brotherhood of Electrical Workers, Local 202, Defendants-Appellees.**

No. 84–2740.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1986.

Decided May 5, 1986.

Designated for Publication July 8, 1986.

Rosario Schuler, Oakland, Cal., for plaintiff-appellant.

Robert M. Lieber, Gary P. Scholick, Littler, Mendelson, Fastiff, et al., San Francisco, Cal., for defendants-appellees.

Before GOODWIN, NORRIS and BRUNETTI, Circuit Judges.

GOODWIN, Circuit Judge.

Rosario Schuler, a black female employed by defendant KRON–TV as a part-time temporary technician for three months, sued her employer for racial discrimination in giving a permanent job to a white male. She appeals from summary judgment for the employer.

Schuler's duties consisted initially of operating studio cameras. Her performance as a camera operator was adequate, so an assistant chief engineer decided to train her in another skill involving video tape and other equipment. After receiving a complaint about her efficiency, the engineer reassigned her to camera operation.

Two months later, while still a temporary employee, plaintiff was given an extension of temporary employment to replace a permanent technician who was on a 90–day maternity leave. Schuler was one of five such supplemental temporary technicians. When the woman Schuler had temporarily replaced submitted a written resignation to KRON, Schuler and other temporary employees applied for the resulting opening for a full-time permanent technician. The

employer selected Robert Larson, a white male, who was one of the five applicants. With Larson permanently filling the vacated position, Schuler was no longer needed as a temporary substitute and her job was terminated.

To withstand an employer's motion for summary judgment in a discrimination suit, the employee must do more than establish a prima facie case and deny the credibility of the employer's witnesses. *Steckl v. Motorola, Inc.*, 703 F.2d 392 (9th Cir.1983). The plaintiff must also offer specific and significantly probative evidence that the employer's alleged purpose is a pretext for discrimination.

Assuming that Schuler established a prima facie case of discrimination, she failed to allege sufficient facts to show that KRON's reason for giving Larson the permanent job was a mere pretext. The employer's affidavits contain evidence that Larson was a more competent technician than Schuler. Plaintiff denies the credibility of this evidence and says repeatedly that she "felt" competent and was "confident of [her] skills." These subjective personal judgments do not raise a genuine issue of material fact. *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir.1980).

Schuler proffered two alleged "proofs" of discrimination: (1) that she was not formally criticized for her work as a camera operator, and (2) that KRON required her to take a test to be considered for the permanent job whereas Larson did not take the test. These alleged "proofs" create no fact question because it is agreed that plaintiff was an adequate temporary camera operator and was not formally criticized for her work in that capacity.

Schuler cites *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir.1977), a case where an Asian supervisor required Sherman, a white employee, to take a test at the end of his probationary period whereas his three Asian co-workers did not have to take the test. *Id.* at 1289. Sherman was discharged following the test and the only reason given was his failure to pass the

test. *Id.* The *Sherman* court ruled that these facts were sufficient to state a claim under 42 U.S.C. §§ 1981, 1983. KRON, in response to the test allegation, presented extensive evidence that Schuler's capabilities were very limited and her performance with the new equipment was below average. In contrast to Schuler, Larson received only praise, was not the subject of any complaints, and was proficient in the use of audio and videotape equipment. With the record disclosing a substantial difference in performance levels, Larson did not need a test. His skills were known to the employer. Schuler's ability had been questioned, but the employer believed that she might still salvage her chances at the job by a good showing on the test. Schuler did not excel when tested. She presented no questions of material fact for trial.

The motion to dismiss the appeal for want of jurisdiction is denied.

Affirmed.