967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph R. BECERRA, Plaintiff-Appellant,
v.
METRO, a Municipality of the City of Seattle, Municipality
of Metropolitan Seattle, Dave Lilly, Dale Neumann,
Defendants-Appellees.
 No. 91-35412.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1992.*
Decided June 15, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Becerra appeals pro se the district court's grant of summary judgment for Metro, Dave Lilly and Dale Neumann. Becerra argues that he presented questions of material fact that preclude summary judgment. We affirm.
 
 DISCUSSION
 I. Becerra's Motions to this Court
 A. The Motion to Supplement the Record
 
 3
 As an initial matter, we address three motions that Becerra has made to this court. The first is his June 25, 1991 motion to supplement the record with affidavits from coworkers. We will ordinarily not consider on appeal factual matters not raised before the district court. Partington v. Gedan, 880 F.2d 116, 130 (9th Cir.1989), vacated on other grounds, 110 S.Ct. 3265 (1990). Becerra offers three reasons why he believes that we should grant his request: first, the defendants did not respond to his first set of interrogatories; second, "he wasn't fully represented by his attorney due to a very serious illness"; and third, time did not permit him to gather all the affidavits before the trial. We question that any of these reasons would justify consideration of evidence not presented to the district court, but we need not rule on that point because none of Becerra's points are supported by the record. Contrary to Becerra's first assertion, the defendants did respond to his interrogatories and Becerra failed to object to those responses. Regarding his second point, Becerra has not argued that his counsel was ineffective, and, in fact, there is no suggestion that her medical condition affected her for more than a short period. Finally, Becerra's third contention is meritless, because Becerra had over two years after the incidents to collect information, and he had seven months to submit affidavits after he filed his complaint in the district court. We accordingly deny his Becerra's motion.
 
 
 4
 B. Becerra's March 30, 1992 Motion to Review Additional Information
 
 
 5
 Becerra also seeks to supplement the record with a brief and the arbitrator's decision in a separate case involving a different Metro employee. See Motion filed on March 30, 1992. The brief and decision mention Becerra's case only for illustrative purposes (and both suggest that his suspension was justified ). The materials appear to have little relevance to Becerra's claims. For that reason, we reject Becerra's request to supplement the record with the brief and arbitrator's decision.
 
 
 6
 C. Becerra's Motion "For Court To Review Civil Rights Act of 1991"
 
 
 7
 Becerra's final motion to this court is his "request that the panel review the Civil Rights Act Of 1991 ... regarding Appellants [sic] case." The problem with this motion is that Becerra has failed to indicate how the Civil Rights Act would apply to this case. Rule 27(a) of the Federal Rules of Appellate Procedure requires that a motion to an appeals court "shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought." The instant case illustrates the difficulties for an appellate court when a litigant fails to comply with Rule 27(a): Becerra has not indicated which provisions of the Act would dictate a different outcome, and the answer is not clear. Because he has failed to indicate how the Civil Rights Act might apply and thus has not complied with Rule 27(a), we deny Becerra's motion.
 
 
 8
 II. Becerra's Challenge to the District Court's Grant of Summary Judgment for the Defendants
 
 
 9
 Becerra brought his challenge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. (1988). He alleges that the defendants treated him less favorably than they treated Anglos, that the defendants engaged in racial harassment, thereby creating a hostile work environment, and that they retaliated against him because he filed complaints against their actions.
 
 A. Disparate Treatment Claim
 
 10
 Becerra's main claim is that the defendants discriminated against him because he is Hispanic. Becerra thus has alleged disparate treatment by the defendants in violation of 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race....").
 
 
 11
 The applicable standards for a disparate treatment claim were put forward in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-02 (1973) and reiterated in Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981):
 
 
 12
 First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but a pretext for discrimination.
 
 
 13
 ... The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.
 
 
 14
 Id. at 252-53 (quoting Green, 411 U.S. at 802) (citations to Green omitted).
 
 
 15
 Becerra arguably presented a prima facie case of discrimination: He showed that he was treated more harshly than similarly situated Anglo employees, in that 1) he was subject to longer penalties than were two Anglo employees (Kressinger and Hale) who committed similar infractions; 2) he was required to bring in more than one form describing his physical limitations, whereas other employees were required to produce only one; and 3) only Becerra was reprimanded for using the telephone for personal calls, even though some Anglo employees also made personal telephone calls.
 
 
 16
 The problem for Becerra is that the defendants responded by articulating nondiscriminatory reasons for their actions. Becerra's supervisor, Dave Lilly, submitted an affidavit in which he stated that, in the cases of Kressinger and Hale, there were mitigating factors (e.g., cooperation with the investigation and good prior work records), whereas, in Becerra's case, there were aggravating factors (e.g., lying to management in the investigation and prior insubordination). Lilly also averred that he requested additional forms from Becerra's doctor because the original form did not indicate how long his physical condition would continue, and that he requested this additional information of Anglo employees as well. Finally, Lilly declared that he criticized Becerra--and not others--for making personal telephone calls because he was not aware that any other employees had ever used the telephone for personal calls.
 
 
 17
 The defendants, then, met their burden of articulating legitimate reasons for their actions, and Becerra was required to offer evidence that their reasons were merely a pretext. As we stated in Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir.1986):
 
 
 18
 To withstand an employer's motion for summary judgment in a discrimination suit, the employee must do more than establish a prima facie case and deny the credibility of the employer's witnesses. The plaintiff must also offer specific and significantly probative evidence that the employer's alleged purpose is a pretext for discrimination.
 
 
 19
 (Citation omitted). Becerra failed to meet this burden. He simply relied on the fact that he was treated differently from others, and on a study commissioned by Metro entitled "Equal Employment Opportunity and Affirmative Action Task Report." The evidence of disparate treatment may constitute a prima facie case, but it does not refute Lilly's showing of nondiscriminatory intent and neutral reasons for the defendants' actions. Thus Becerra did not present "specific and significantly probative evidence that [the defendants's] alleged purpose is a pretext for discrimination." The report commissioned by Metro also is insufficient to meet Becerra's burden; the study may indicate that Metro should improve its treatment of minorities, but it reveals little, if anything, about Lilly's reasons for treating Becerra as he did.
 
 B. Racial Harassment
 
 20
 Becerra's second assertion is that the defendants engaged in racially harassing behavior that created a hostile work environment. The problem with this contention is that Becerra introduced no evidence indicating that the comments he cites had any racial component. He may have been treated unfairly or with hostility, but the hostile comments are not actionable under Title VII because they were not shown to contain a racial element.
 
 
 21
 C. Retaliation for Complaining About Discrimination
 
 
 22
 Becerra's final contention is that the defendants retaliated against him because he exercised his right to complain about his discriminatory treatment. In order to present a prima facie case of retaliation, "[t]he plaintiff must show 1) that she was engaging in a protected activity, 2) that she suffered an adverse employment decision, and 3) that there was a causal link between the protected activity and the adverse employment decision." Ruggles v. California Polytechnic State University, 797 F.2d 782, 785 (9th Cir.1986). Becerra has failed to meet the second of these requirements, as he has not presented evidence of any adverse employment decision during or after the filing of his complaint. Because the record does not reveal any such adverse actions, Becerra has failed to present a prima facie case of retaliation.
 
 CONCLUSION
 
 23
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3