26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abel C. FLORES, Plaintiff-Appellant,
v.
TICOR TITLE INSURANCE COMPANY OF CALIFORNIA; Chicago Title
Company, Defendants-Appellees.
 No. 94-15048.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abel C. Flores appeals the district court's summary judgment in favor of his former employer Ticor Title Company, Inc. and Chicago Title Company, Inc. (collectively "the Company") in his employment discrimination action alleging age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. Secs. 621-634, and national origin discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. Secs. 2000e to 2000e-17 and California state law. Flores contends the district court erred by finding that he failed to raise a genuine issue of material fact regarding the Company's proffered reasons for terminating him. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether any genuine issues of material fact exist. Williams v. Edward Apffels Coffee Co., 792 F.2d 1482, 1484 (9th Cir.1986).
 
 
 4
 * Background
 
 
 5
 Flores, a Hispanic male, was hired by Ticor Title Company in 1970. During his first 10 years with Ticor, Flores served as an account manager and business development representative. Flores received a series of promotions to Sales Manager and then to Assistant Vice President. At the time of his discharge, he was the Major Accounts Manager in the Tulare County office.
 
 
 6
 In March of 1991, Chicago Title Company purchased Ticor. The two workforces were merged. Due to overlaps in jobs, Ticor implemented a reduction in force. The newly formed company created a new position entitled Subdivision Manager which included traditional sales and marketing duties as well as technical responsibilities. The Company determined that Flores was not qualified to perform the technical duties of the Subdivision Manager position and was less qualified than Jayne Willis, a Chicago Title employee, to perform the sales function of the new position. The Company assigned 85% of Flores' duties to Willis. The remaining functions of the Major Accounts Manager position were distributed among three other employees. The Company discharged Flores and eliminated three positions, including the Major Accounts Manager position. Flores was 53 years old and was the only Hispanic officer employed in the Tulare County Office. Flores alleges that he was terminated because of his age and his national origin.
 
 II
 Age and National Origin Discrimination
 
 7
 Title VII prohibits an employer from discriminating against any individual on the basis of national origin when making employment decisions. 42 U.S.C. Sec. 2000e-2(a)(1). Similarly, the ADEA forbids discrimination based upon age when making employment decisions. 29 U.S.C. Sec. 623(a)(1). Flores argues that the Company's decision to discharge him resulted in disparate treatment on the basis of age and national origin in violation of the ADEA and Title VII. Disparate treatment claims and Title VII and ADEA claims are analyzed under the same standards. Lindahl, 930 F.2d at 1437.
 
 
 8
 When the plaintiff establishes a prima facie case of employment discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the decision. Id. If the employer articulates a legitimate, nondiscriminatory reason, the plaintiff must raise a genuine factual issue as to whether the proffered reason was a pretext for discrimination. Id. The plaintiff "must produce specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible." Id. at 1438. This burden is not met by simply restating the prima facie case and expressing an intent to challenge the credibility of the employer's witnesses. Id.
 
 
 9
 Here, it is unclear from the district court's order whether the court found that Flores had established a prima facie case of discrimination. We assume without deciding that Flores has established a prima facie case of discrimination. The next inquiry is whether the Company articulated legitimate, nondiscriminatory reasons for Flores' termination.
 
 
 10
 The Company asserts two reasons for Flores' termination. First, while the Company concedes that Flores was a good employee, during the last year of his employment, his supervisor received complaints about his behavior from two of the Company's largest clients. In addition, during that same period, the Company also received complaints regarding Flores' lack of attendance and participation in the Business Industry Association.[1] The Company asserts that after subjective and comparative evaluations of both Flores' and Willis' qualifications, it determined that Willis was more qualified to perform both the technical and sales functions of the newly created Subdivision Manager position. Second, the Major Accounts Manager position, formerly held by Flores, was eliminated as part of a legitimate reduction in force. His former duties were redistributed among existing Company employees.
 
 
 11
 We conclude that the Company met its burden of articulating legitimate, nondiscriminatory reasons for Flores' termination. See Cotton v. City of Alameda, 812 F.2d 1245, 1249 (9th Cir.1987) (the availability of more promising candidates and negative reports from those dealing with the plaintiff, were legitimate nondiscriminatory reasons for an employment decision).
 
 
 12
 Flores argues that the Company's evaluation of Willis as the most qualified for the position is not credible. Moreover, Flores asserts that Willis lacked the experience and credibility within the industry that he has acquired during his 21-year career. He argues that he is the best qualified because he has the most experience in sales and marketing. Flores also points to comments in subordinate reviews concerning Willis and three other employees who assumed his duties which reflected a need to improve and develop marketing and sales skills. Finally, Flores argues that he was the only Hispanic officer in the Tulare office and that following his termination, younger white personnel were given his responsibilities.
 
 
 13
 Nevertheless, the affidavits and exhibits submitted by the Company demonstrate that Willis was qualified to assume Flores' primary duties and to add new, more technical responsibilities to the newly created position of Subdivision Manager. Her work was well respected in the title insurance industry, and she was an active member of the local Business Industry Association. Finally, the duties assumed by the three other employees included developing the resale market. Flores had expressed an earlier disinterest in performing these duties.
 
 
 14
 Flores' allegations are essentially reduced to a restatement of his prima facie case, an intent to challenge the credibility of the Company's declarants, and his subjective personal judgment of his own competence. Such a challenge is insufficient to withstand a summary judgment motion absent specific facts "evidencing discriminatory motive or showing that the employer's explanation is not credible." See Lindahl, 930 F.2d at 1438; see also Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir.1986). Accordingly, the district court properly granted summary judgment in favor of the Company. Lindahl, 930 F.2d at 1437.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Business Industry Association is a professional organization within the title insurance industry which provides important business contacts and valuable networking opportunities