34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dywane STONUM, Plaintiff-Appellant,
v.
CCH COMPUTAX INC., Defendant-Appellee.
 No. 93-55832.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 12, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dywayne Carl Stonum appeals pro se the district court's summary judgment in favor of CCH Computax, Inc. (Computax) in his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (Title VII) alleging that Computex terminated his employment because of his race (Black). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment to determine whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. Sengupta v. Morrison-Knudsen Co., Inc., 804 F.2d 1072, 1074 (9th Cir.1986). Summary judgment is appropriate when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 Title VII prohibits employers from discriminating on the basis of race. 42 U.S.C. Sec. 2000e-2 to -3. A plaintiff alleging a violation of Title VII bears the initial burden of establishing a prima facie case by introducing evidence that gives rise to an inference of unlawful discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109-10 (9th Cir.1991). Where the plaintiff alleges that his employment was terminated because of his race or other protected characteristic, he may meet this burden by producing evidence that (1) he is a member of a protected class; (2) he was performing his job well enough to rule out the possibility that he was fired for inadequate job performance; (3) he was terminated; and (4) he was replaced by a person outside his protected class. Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 671-72 (9th Cir.1988). Once the plaintiff makes a prima facie showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged conduct; if the defendant carries this burden, the plaintiff then must have an opportunity to show that the defendant's profferred reasons are pretextual. Sischo-Nownejad, 934 F.2d at 1109. The plaintiff bears the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).
 
 
 5
 Here, Stonum failed to make a prima facie showing of discrimination. Computax, a company that produces computer programs used to process state and federal income tax returns, hired Stonum as a tax analyst. Tax analysts' essential functions at Computax were to indicate to programmers what changes had to be made to existing programs to reflect changes in tax laws, and to test the revised programs to ensure that they worked properly. At the end of Stonum's 90-day probationary period, Computax terminated Stonum's employment, citing unsatisfactory performance. Stonum alleged that he was terminated because of his race, and that a white tax analyst who was hired shortly after Stonum, John Forcione, was not terminated.[1]
 
 
 6
 In support of its motion for summary judgment, Computax proffered the deposition of Stonum's immediate supervisor, Lead Analyst Janice Catino; the declaration of her supervisor, Glen Yamasaki, Director of the State Corporation Team; and the declaration of Kathy Hashimoto, Manager of the Development and Support Department, to whom Yamasaki reported. According to their testimony and supporting documentation, Stonum and Forcione were each assigned eight programs to update. Forcione completed his assignments, which were at least as difficult as the ones assigned to Stonum, in a satisfactory and timely manner, but Stonum failed to update his programs correctly or to test them to ensure they were working properly. When it became apparent that Stonum was not making adequate progress on his products, three of the eight programs originally assigned to Stonum were reassigned to other analysts. Catino and Yamasaki were troubled by the fact that on several occasions, Stonum had told them that he had completed certain updates when he had not in fact done so. With respect to training, Catino stated that Stonum and Forcione received equivalent training except that she had spent more time training Stonum.
 
 
 7
 Stonum offered no evidence to refute this showing. In his opposition, he merely disagreed with his supervisors' assessment of his performance or offered explanations for his failure to meet their expectations. He alleged, for example, that he was given the "highest workload" and "impossible deadlines" and received unequal training because of his race. Stonum cited no facts to support these allegations, however. None of the facts Stonum did cite, for example, the fact that he did not receive a written performance evaluation at the end of his probationary period, support a reasonable inference of discrimination. In short, Stonum failed to produce evidence sufficient to raise a genuine issue about whether he was performing his job adequately. See Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir.1986) (plaintiff's subjective judgment that his performance was adequate insufficient to raise a genuine issue of fact). Because he failed to establish this essential element of his prima facie case and produced no evidence that gives rise to an inference of discrimination, the district court properly granted summary judgment in favor of Computax. See Celotex, 477 U.S. at 322; Pejic, 840 F.2d at 674. Summary judgment was also appropriate because Stonum produced no evidence to refute Computax's explanation for terminating Stonum. See Wallis v. Simplot Co., No. 92-36759, slip op. 7721, 7734-38 (9th Cir. July 14, 1994) (affirming summary judgment in favor of defendant where plaintiff failed to offer any evidence to refute defendant's articulation of a legitimate, nondiscriminatory reason for termination).
 
 
 8
 Stonum also contends that the district court erred by (1) ruling on the summary judgment motion without holding a hearing; (2) denying sub silentio Stonum's request for an additional continuance to conduct further discovery; (3) failing to enter a separate judgment pursuant to Fed.R.Civ.P. 58, and (4) taxing costs before entering such a judgment. None of these claims warrant reversal.
 
 
 9
 Stonum did not request oral argument on the summary judgment motion. Moreover, where, as here, there is no showing of prejudice, a court's failure to grant oral argument on a summary judgment motion is not reversible error. See Smith v. Retirement Fund Trust, 857 F.2d 587, 592 (9th Cir.1988). Nor did the court abuse its discretion by denying sub silentio Stonum's second request for a further continuance pursuant to Fed.R.Civ.P. 56(f). The court had allowed more than eight months for discovery, and Stonum failed to meet his burden of establishing that further discovery would raise a triable issue of fact. See Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir.1987).
 
 
 10
 We lack jurisdiction to review the district court's order taxing costs because no notice of appeal was filed from the order taxing costs and this appeal was taken before that order was entered. See Culinary and Service Employees Union v. Hawaii Benefit Admin., Inc., 688 F.2d 1228, 1232 (9th Cir.1982). We note, however, that the court's taxation of costs pursuant to Fed.R.Civ.P. 54(d) has no bearing on the propriety of its grant of summary judgment.
 
 
 11
 The district court's judgment is AFFIRMED. Computax's request for sanctions is denied.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stonum emphasizes the fact that Computax terminated his employment one day after he had completed his 90-day probationary period. Whether Stonum was a probationary employee when he was terminated is immaterial to his claim of race discrimination, however