56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Florante ORTALIZA; Linda Ortaliza, Plaintiffs-Appellants,
v.
GENERAL MILLS, INC., Defendant-Appellee.
 Nos. 94-55758, 94-56304.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1995.
Decided May 24, 1995.
 
 Before: FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Florante and Linda Ortaliza appeal the grant of a summary judgment motion dismissing Florante's claims of wrongful termination and intentional and negligent infliction of emotional distress. They also appeal the award of attorney fees to General Mills, Inc. (GMI).
 
 
 3
 The Ortalizas originally filed their suit in state court in California. GMI successfully removed the case to federal court based on the diversity of the parties pursuant to 28 U.S.C. Secs. 1441(a) and 1332. We, therefore, must apply California law to the state claims asserted. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 4
 * We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. "[T]here must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 II
 
 6
 Ortaliza's wrongful discharge claims, including breach of the covenant of good faith and fair dealing and his claim that his termination was a form of discrimination based on his national origin, fail because he is unable to overcome the legitimate business reason for the termination proffered by GMI. GMI has undergone a restructuring of its Quality Control Department. This downsizing has been on-going for a number of years. California and the Ninth Circuit have recognized that a dismissal due to a reduction in force constitutes a "good cause" for termination. See Gianaculus v. Trans World Airlines, Inc., 761 F.2d 1391, 1395 (9th Cir. 1985) ("[T]he evidence indicates that appellants were furloughed as part of a general reduction in TWA's management work force ... appellants were not, therefore, dismissed without good cause."); Clutterham v. Coachmen Indus., Inc., 215 Cal. Rptr. 795, 796 (Cal. Ct. App. 1985) ("[R]espondent had shown that there was good cause for termination due to the depressed conditions in the industry and the relocation of corporate operations."); see also Joanou v. Coca-Cola Co., 26 F.3d 96, 99-100 (9th Cir. 1994) ("Courts must take care not to interfere with the legitimate exercise of managerial discretion." (internal quotation omitted)).
 
 
 7
 Furthermore, Ortaliza has failed to present "specific and significantly probative evidence that the employer's alleged purpose is a pretext for discrimination." Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir. 1986).
 
 III
 
 8
 A prima facie case of intentional or negligent infliction of emotional distress in California consists of three elements: (1) extreme and outrageous conduct by the defendant; (2) the plaintiff suffering extreme or severe emotional distress; and (3) actual and proximate causation by the defendant's outrageous conduct. See Cervantez v. J.C. Penney Co., 595 P.2d 975, 983 (Cal. 1979).
 
 
 9
 Ortaliza's emotional distress claims fail due to his inability to prove the elements of the prima facie case. First, GMI's conduct can hardly be considered extreme or outrageous. It is true that Ortaliza was terminated without notice. However, GMI did offer to pay Ortaliza's salary for two months following the termination in lieu of the notice. Furthermore, he was offered a severance package which included placing Ortaliza on an unpaid leave of absence for a few years to provide him with additional retirement benefits which he would receive if he stayed with the company until he reached the age of fifty-five.
 
 
 10
 In addition, Ortaliza has not shown that he has suffered extreme or severe emotional injury. California has held that:
 
 
 11
 when an employee suffers emotional upset on account of the employer's conduct but neither is disabled nor requires medical care, and when the employer's conduct neither contravenes public policy nor exceeds the inherent risks of the employment, the employee's injury results in no occupational impairment ... remedial by a civil action.
 
 
 12
 Hunter v. Up-Right, Inc., 864 P.2d 88, 92 (Cal. 1993).
 
 IV
 
 13
 GMI asserts that this court does not have jurisdiction as to Mr. Carpenter, Ortaliza's attorney, on his appeal of the grant of attorney fees because he is not named as a party in the notice of appeal. The Supreme Court held in Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), that "[t]he failure to name a party in a notice of appeal is more than excusable 'informality'; it constitutes a failure of that party to appeal." Id. at 314. However, Fed. R. App. P. 3(c), the rule upon which the Court in Torres relied, has been amended to state that "[a]n appeal will not be dismissed ... for failure to name a party whose intent to appeal is otherwise clear from the notice." Once we determine "it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward." Fed. R. App. P. 3(c) Advisory Committee Notes.
 
 
 14
 The Supreme Court, in adopting the amended rules, stated that the rules shall govern pending cases "insofar as just and practicable." 113 S. Ct. Preface 819 (April 22, 1993). We conclude it is just and practicable to apply the amended Rule 3(c) to this appeal. "'[I]t is important that the right to appeal not be lost by mistakes of mere form."' Aetna Life Ins. Co. v. Alla Medical Servs., Inc., 855 F.2d 1470, 1473 (9th Cir. 1988) (quoting Advisory Committee's Note to Rule 3(c)).
 
 
 15
 Another factor which the court will consider in determining if Rule 3(c) has been met is whether there is an "opportunity for confusion or prejudice." Id. Although Carpenter was not named as a party in the notice of appeal, his name does appear on the notice as the appellant's attorney. Furthermore, the appeal deals with an award of attorney fees which was joint and several as to the plaintiffs and their attorney. There has been no confusion or prejudice to GMI; therefore, we hold that this court does have jurisdiction to consider Carpenter's appeal.
 
 V
 
 16
 In considering the grant of attorney fees, we hold that the district court has failed to provide adequate explanations to support its conclusion that the suit is frivolous and attorney fees are warranted in this case. The absence of specific findings by the district judge does not necessarily require that we vacate the order or remand the case. We have held that if the record provides a complete understanding of the issues without the aid of separate findings, remand is not necessary. EEOC v. Bruno's Restaurant, 13 F.3d 285, 288 (9th Cir. 1993). After such a review in this case, however, we are unable to find adequate support for the district court's conclusion of frivolity. In fact, the conclusory statement of frivolity is inconsistent with the court's findings that, as to each cause of action, the Ortalizas failed to present "sufficient evidence" to support their claims. In examining each claim, the district court did not find that "no evidence" was presented. Nor did the district court find that any claim was frivolous.
 
 VI
 
 17
 For the foregoing reasons, we AFFIRM the district court's grant of summary judgment as to the wrongful discharge claims and emotional distress claims and we VACATE the grant of attorney fees.
 
 
 18
 AFFIRMED in part and VACATED in part.
 
 
 19
 No costs allowed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3