110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BRADY, Plaintiff-Appellant,
v.
CALIFORNIA HOTEL CORPORATION, dba Sam's Town Hotel, Gambling
Hall & Bowling Center; The Boyd Group; and Does
I-X, inclusive, Defendants-Apellees.
 No. 95-17116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1996.
Decided March 27, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-94-590-DWH(LRL); David W. Hagen, District Judge, Presiding.
 D.Nev.
 REVERSED.
 Before: FLETCHER, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Brady ("Brady") appeals from the dismissal on summary judgment of his claims of retaliatory discharge under § 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e3(a) against defendant California Hotel Corporation ("Sam's Town"). Brady claims that he was not rehired because he had been a witness against Sam's Town in a previous Title VII suit, Canada v. Boyd Group Inc., 809 F.Supp. 771, 777 (D.Nev.1992) (female employee brought suit for hostile environment sexual harassment) [hereinafter Canada ]. The district court dismissed his claims because it found that Brady had failed to produce sufficient evidence to refute one of Sam's Town's two stated non-retaliatory reasons for not hiring him--that two other poker dealers, hired on September 23, 1992, were more qualified than he was. Brady, however, testified in his affidavit that George Steedle, the poker room manager at Sam's Town, told him that he would not be hired because he had been involved in a sexual harassment lawsuit case. George Steedle stated in his deposition that he had advised Brady on September 7, 1992 that "I don't even know if they're gonna want to hire you back because of the involvement with the Paula Irvin deal [the Canada case]." This statement casts doubt on the bona fides of Sam's Town's reasons. A triable issue of material fact exists as to whether or not Sam's Town's proferred reasons were pretextual. Accordingly, we REVERSE and remand for trial.
 
 A. Standard of Review
 
 3
 This court has jurisdiction under 28 U.S.C. 1331 and 1343(a)(4). Grants of summary judgment are reviewed de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. The district court's decisions concerning discovery are reviewed for an abuse of discretion. Sopcak v. Norther Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995).
 
 B. Facts
 
 4
 Brady was employed as a poker dealer at Sam's Town Casino until June of 1991. Sometime between then and August of 1992, Brady testified on behalf of a plaintiff in a Title VII suit brought by another employee against defendants. During that period, Brady had "rehire status" with defendants. According to Brady, casinos in Las Vegas generally hire former employees on "rehire status" before new applicants.
 
 
 5
 On August 17, 1992, Brady applied for a job as a poker dealer with Sam's Town. There were no positions available at that time. In the first week of September, Brady questioned the poker room manager, George Steedle, on a daily basis as to the status of Brady's application. On September 7, 1992, Steedle said, "I don't even know if they're gonna want to hire you back because of the involvement with the Paula Irvin deal [the Canada case]."
 
 
 6
 A few days later, a manager from the Mirage casino contacted Steedle for an employment reference regarding Brady. Steedle gave a recommendation, and Brady was hired by the Mirage as a poker dealer. Steedle did not hear back from Brady.
 
 
 7
 On September 23, 1992, Steedle hired two new applicants for poker dealer positions at Sam's Town. The applicants did not have rehire status.
 
 
 8
 To establish a prima facie case of retaliatory discharge under Title VII, Brady had to establish: 1) that he engaged in a protected activity; 2) that he suffered an adverse employment decision; and 3) that there was a causal link between his protected activity and the employment decision. E.E.O.C. v. Hacienda Hotel, 881 F.2d 1504, 1513-14 (9th Cir.1989) (citing Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346 (9th Cir.1984)).[1] In the context of an alleged retaliatory failure-to-hire, Brady had to show that he was not considered for the position for which he applied because of his protected activities; he did not need to show that he would have obtained the job. Ruggles v. California Polytechnic State University, 797 F.2d 782, 786 (9th. 1986).
 
 
 9
 The district court found that Brady established a prima facie case: 1) his participation in Canada was protected conduct; 2) he raised a genuine issue of fact as to whether the hire of two dealers on September 23, 1992 constituted an adverse employment decision as to him; 3) Steedle's statement raised an inference that there was a causal connection between Brady's protected conduct and the adverse employment decision.
 
 
 10
 The burden of production then shifted to Sam's Town to articulate some legitimate, nondiscriminatory reason for this adverse employment decision. Ruggles, 797 F.2d at 786. See also Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). Sam's Town came forward with two non-discriminatory reasons: Steedle thought that Brady was employed at The Mirage; the other two candidates were more qualified than Brady.
 
 
 11
 To rebut Sam's Town's proffered reasons, Brady must do more than establish a prima facie case. Id. (citing Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir.1986)). Brady must offer "specific, substantial evidence of pretext." Id. (citing Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983)). "[W]hen evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal prima facie case." Id. at 890. In rebutting Sam's Town's articulated reasons, however, Brady may rely upon evidence used to establish the prima facie case, Id., provided it offers more than mere inferences that might be drawn from the facts that constitute the prima facie case.
 
 
 12
 The district court granted summary judgment to Sam's Town because it found that although Brady did raise a genuine issue of material fact as to whether Steedle's assertion that he did not hire Brady because he thought Brady was already employed at the Mirage was pretextual, he did not present any evidence to show that the assertion that the other two dealers were more qualified was pretextual. We disagree.
 
 
 13
 Brady rebutted Sam's Town's articulated reasons with specific evidence of pretext: Steedle's statement that Brady's participation in the prior lawsuit made it doubtful that he would be considered for rehire. In addition to the statement, Brady also offers the fact that Sam's Town allegedly did not follow its normal practice of hiring those with "rehire" status before those without it and the close proximity of Brady's rebuffed inquiries about openings and the hiring of two new dealers. The district court therefore erred in holding that no reasonable factfinder could find that defendants retaliated against Brady.
 
 
 14
 We affirm the district court's decision to deny Brady's in limine motion to exclude evidence of Sam's Town's alleged legitimate business reason based upon "the failure of Defendants to produce any evidence in support of their legitimate business reason defense." The district court properly characterized this as "essentially a belated discovery dispute." Brady offers no good-faith reason why he waited until one month after the close of discovery to attempt to compel discovery on this issue.
 
 C. Conclusion
 
 15
 Generally, when an employer has initially advanced a discriminatory reason for its action, subsequently advanced reasons that are non-discriminatory create a triable issue of material fact. Genuine issues of material fact remain to be tried as to whether Sam's Town retaliated against Brady because of his protected activity. Accordingly, we reverse the grant of summary judgment to Sam's Town.
 
 
 16
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Ruggles v. California Polytechnic State University, 797 F.2d 782, 785 (9th Cir.1986) (applying the prima facie elements of a retaliation claim to a failure-to-hire case when a pre-existing employment relationship makes failure to hire more like retaliation than discrimination)