152 F.3d 1149
 74 Empl. Prac. Dec. P 45,495, 98 Cal. Daily
Op. Serv. 6349,
98 Daily Journal D.A.R. 8795
John W. BLUE, Plaintiff-Appellant,
v.
Sheila WIDNALL, officially as Secretary of the Air Force,
Defendant-Appellee.
 No. 97-15107.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 7, 1998.
Decided Aug. 14, 1998.
 
 William Tagupa, Honolulu, Hawaii, plaintiff-appellant.
 R. Michael Burke, Assistant United States Attorney, Honolulu, Hawaii, for defendant-appellee.
 Appeal from the United States District Court for the District of Hawaii; Barry M. Kurren, Magistrate Judge, Presiding. D.C. No. CV-95-00986-BMK.
 Before: BROWNING, BRUNETTI, and RYMER, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 John Blue, an African-American male and disabled veteran, applied for a civilian intelligence position with the Air Force and was not selected. The district court dismissed Counts II, III, and IV of Blue's complaint, which alleged violations of veteran's preference and merit system principles in the selection process, on the grounds that the court lacked subject matter jurisdiction due to Blue's failure to point to a waiver of sovereign immunity and, alternatively, that Blue failed to state a claim for which relief could be granted. The court then granted summary judgment in favor of the Air Force on Count I, Blue's Title VII race/color discrimination claim, on the ground that Blue failed to present sufficient evidence that the Air Force's proffered explanation for Blue's nonselection was pretextual. Blue appeals the district court's dismissal of Counts II-IV and its grant of summary judgment on Count I. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 I. Dismissal of Counts II-IV
 
 2
 The district court dismissed Counts II-IV of Blue's complaint on the grounds that it lacked subject matter jurisdiction and, alternatively, that Blue failed to state a claim for which relief could be granted. We affirm on the first ground and do not discuss the second.
 
 
 3
 The plaintiff in a lawsuit against the United States must point to an unequivocal waiver of sovereign immunity. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.1983). Whether the government waives its sovereign immunity is a question of subject matter jurisdiction. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). We review de novo a dismissal for lack of subject matter jurisdiction. Ma v. Reno, 114 F.3d 128, 130 (9th Cir.1997).
 
 
 4
 On appeal, Blue asserts jurisdiction under 5 U.S.C. § 702 et seq., the Administrative Procedure Act ("APA"). The APA waives sovereign immunity for actions against the United States and its agencies brought under 28 U.S.C. § 1331 (i.e., federal question jurisdiction) to the extent that nonmonetary relief is sought. Beller v. Middendorf, 632 F.2d 788, 797 (9th Cir.1980). The district court determined that the APA did not provide a basis for jurisdiction, because jurisdiction was preempted by 5 U.S.C. §§ 7511 and 7701 et seq., the Civil Service Reform Act ("CSRA").
 
 
 5
 Blue's claims in Counts II-IV constitute "prohibited personnel practices" as described in the Veteran's Preference Act ("VPA"), 5 U.S.C. § 2302(b). The CSRA provides for procedures to challenge such actions. Veit v. Heckler, 746 F.2d 508, 510-11 (9th Cir.1984). "[F]ederal courts have no power to review federal personnel decisions and procedures unless such review is expressly authorized by Congress in the CSRA or elsewhere." Id. at 511.
 
 
 6
 The CSRA required Blue to present his allegations of prohibited personnel practices to the OSC. However, Blue did not present the allegations alleged in Counts II and III of his complaint to the OSC or the MSPB.[1] As the CSRA does not authorize judicial review of Blue's alleged violations of the VPA, even if those violations deprived Blue of property and procedural rights, see Saul v. United States, 928 F.2d 829, 839 (9th Cir.1991), we lack jurisdiction to review these claims.
 
 
 7
 Blue did file a written complaint with the OSC alleging that the Air Force violated certain parts of 5 U.S.C. § 2302(b).[2] The violations alleged in that complaint appear in Count IV of his complaint to the trial court. The OSC responded to Blue by letter on August 23, 1996, stating that it lacked jurisdiction to entertain his claims.
 
 
 8
 Blue now argues that we have limited jurisdiction to review whether the OSC performed an adequate inquiry into his complaint. See Veit, 746 F.2d at 510-11 (stating that the system established by the CSRA provides review of prohibited personnel practices by the OSC with judicial scrutiny "limited, at most, to insuring compliance with the statutory requirement that the OSC perform an adequate inquiry ...." (citation omitted)).[3] However, if Blue wanted the district court or this court to determine whether the OSC adequately performed its function, he needed to make the OSC a party to the action. As he failed to do so, we are not in a position to exercise limited jurisdiction to determine whether the OSC performed an adequate inquiry into Blue's complaint.
 
 
 9
 Thus, the district court properly dismissed Counts II-IV for lack of subject matter jurisdiction.
 
 II. Summary Judgment on Count I
 
 10
 Blue presented a prima facie case of race/color discrimination under Title VII. The Air Force presented legitimate, nondiscriminatory reasons for its actions with regard to Blue. Thus, the burden of production rested with Blue to show by a preponderance of the evidence that the reasons put forth by the Air Force were pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The district court found that Blue failed to produce such evidence and granted summary judgment in favor of the Air Force.
 
 
 11
 Blue needed to "produce very little evidence of discriminatory motive to raise a genuine issue of fact as to pretext." Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir.1995)(internal quotation omitted). Still, Blue needed to "produce evidence of facts that either directly show[ed] a discriminatory motive or show[ed] that the [Air Force's] explanation for his rejection [was] not credible." Id. Particularly, he must have shown "specific, substantial evidence of pretext" sufficient to "permit a rational trier of fact to find that [the Air Force] intentionally discriminated against him because of his [race or color]...." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889, 890 (9th Cir.1994).
 
 
 12
 On appeal, Blue claims that he put forth several pieces of evidence that demonstrated that the Air Force's proffered explanation for its employment decision was pretextual. We agree with the district court that Blue did not satisfy his burden of production. The following discusses Blue's main arguments. Any arguments not discussed are similarly rejected.
 
 
 13
 Blue argues that his qualifications were so superior to the selectee's qualifications that a rational trier of fact could find discriminatory intent. However, Blue did not present evidence that his qualifications were superior. Indeed, Blue and the selectee were scored almost identically twice prior to the interview based on their qualifications. "The closer the qualifications of the candidates, the less weight the court should give to perceived differences in qualifications in deciding whether the proffered explanations were pretextual." Odima v. Westin Tucson Hotel Co., 991 F.2d 595, 602 (9th Cir.1993). Thus, the asserted superiority of Blue's qualifications does not raise a genuine issue of fact of pretext. See Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir.1986) (subjective personal judgments of qualifications do not raise genuine issues of material fact).
 
 
 14
 Blue cites Jauregui v. City of Glendale, 852 F.2d 1128, 1135-36 (9th Cir.1988), and out-of-circuit cases, for the proposition that the use of subjective factors (i.e., the interview process) to evaluate applicants is not illegal per se, but may be used as a covert means to effect intentional discrimination. However, Blue offers no evidence that the interview process was used to mask discriminatory motives. He merely asserts again that his qualifications were so superior that the use of the interview process shows pretext. This is simply not sufficient.
 
 
 15
 Blue argues that because the Air Force refused or failed to follow its affirmative action policies, its proffered reasons were pretextual. However, the affirmative employment plan at issue in this case does not target the position sought by Blue. The position falls within a category under the plan for which there was no underrepresentation of African-American males during the relevant time period. Blue did not dispute this evidence below nor does he do so now.
 
 
 16
 Blue argues that statements made by the selecting official after the selection process show discriminatory intent. After the selection was made, the selecting official asked an equal employment staffing specialist whether he was supposed to take into account affirmative action or veteran's preference in making the selection. The nature of these statements in conjunction with the elaborate selection process seems to demonstrate that the selecting official was merely being cautious. These statements are not specific, substantial evidence that the Air Force's proffered reasons for not selecting Blue were pretextual. Regardless, this argument was not raised below and we are not obligated to entertain it here. See Fry, 939 F.2d at 835.
 
 
 17
 Blue contends that the fact that the selection process violated personnel regulations shows pretext. Blue argues that after the Consolidated Civilian Personnel Office assigned the five or ten-point veteran's preference points to the appropriate applicants, the Air Force was required by 5 C.F.R. § 302.303(d)(2)(ii) to list all applicants by category in the following order: those eligible for a ten-point preference, those eligible for a five-point preference, those not eligible for a preference. This process would have placed Blue in the top three candidates and removed the selectee from the top three. The district court correctly noted that the Intelligence Authorization Act of 1987, 10 U.S.C. § 1590 (repealed), covered the position sought and noted that Air Force Instruction 36-1101, directing local personnel offices on the application of Section 1590, mandates that various veteran's preference regulations do not apply in the appointment of civilian intelligence positions. Specifically, the Air Force was not required to list the candidates by preference category and select from the top three applicants on that list.
 
 
 18
 Blue argues that the Air Force's failure to record and inform him of the reasons it selected a non-veteran's preference eligible candidate over him, as required by 5 C.F.R. § 302.401(b), is evidence of pretext. However, the failure to record the reasons for nonselection, unaccompanied by any evidence of discrimination, does not raise a genuine issue of fact whether the reasons now offered are pretext for discrimination.
 
 
 19
 Blue asserts that the Air Force's failure to employ affirmative action with respect to his status as a disabled veteran shows pretext. The district court correctly found that the affirmative action plan at issue did cover disabled veterans, but that it did not apply to this position. Regardless, this would not demonstrate that the Air Force's proffered reasons were pretext for race/color-based discrimination.
 
 
 20
 Finally, Blue relies on Kolstad v. American Dental Ass'n, 108 F.3d 1431, 1436 (D.C.Cir.1997), rev'd in part, 139 F.3d 958 (D.C.Cir.1998)(en banc), and argues that the panel's improper consideration of recommendations submitted on the selectee's behalf shows that the selectee was "preselected" for the position, which shows discriminatory intent. Blue did not present evidence that the selecting official was aware of any prohibitions against considering recommendations. Additionally, the fact that the selectee was credited for his enthusiasm in obtaining recommendations does not show that the selectee was, in fact, preselected. Regardless, only preselection based on discriminatory motives violates Title VII. See Goostree v. Tennessee, 796 F.2d 854, 861-62 (6th Cir.1986). Blue has not presented evidence that any preselection resulted from a discriminatory motive instead of political considerations. Again, Blue fails to present sufficient evidence of pretext.
 
 
 21
 Blue simply has not presented evidence that the Air Force's proffered explanation was pretextual so that a rational trier of fact could find discriminatory intent.
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 Blue alleged in Count II of his complaint "that he was discriminated against on the basis of his veteran's preference/status contrary to 5 U.S.C. Sections 2108, 3309(1), 38 U.S.C. Section 4414(c), 5 C.F.R. Sections 302.201, 302.202, 302.304 and 720.301 et seq....."
 Blue Alleged in Count III that "his Section 3309(1) 10-point preference is a benefit property right and that he was deprived of said right by Defendants without due process or equal protection...."
 
 
 [2]
 The OSC's August 23, 1996, letter to Blue states that his complaint alleged violations of 5 U.S.C. §§ 2302(b)(1)(A) and (b)(2). Blue's Opening and Reply Briefs suggest that his complaint to the OSC also alleged a violation of (b)(6). Blue's complaint to the OSC was not entered into the record
 
 
 [3]
 Blue did not make this argument to the district court. "As a general rule, we will not consider an issue raised for the first time on appeal, although we have the power and discretion to do so." Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991). We can consider such an issue where it is purely one of law and the pertinent record has been developed. Id